# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

BERND NIEBERGALL,

                Plaintiff,

-vs-                                Case No. 6:11-cv-896-Orl-22GJK

GOLDLEAF SECURITY OF FLORIDA,
INC.,

                Defendant.
_____

# REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration, without oral argument, on the following motions:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. No. 23)** |
| **FILED:** | **March 7, 2012** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED as Moot**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT (Doc. No. 25)** |
| **FILED:** | **April 24, 2012** |
| | _____ |
| **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. | |

# I.    BACKGROUND

On May 27, 2011, Plaintiff, Bernd Niebergall, filed a Complaint alleging that Defendant, Goldleaf Security of Florida, Inc., violated the Fair Labor Standards Act (hereafter "FLSA") by failing to pay him overtime hours worked. Doc. No. 1. Plaintiff alleges that he was employed with Defendant from April 30, 2008 to August 20, 2009. Doc. No. 1 at 3, ¶ 12. Plaintiff alleges that he worked 44 hours of overtime at an overtime rate of $18.75. Doc. No. 1 at 3, ¶ 13. Plaintiff alleges that he worked 60.25 hours of overtime at an overtime rate of $17.81. Doc. No. 1 at 3, ¶ 13. Plaintiff alleges that Defendant has never paid him for the overtime hours he worked. Doc. No. 1 at 3, ¶ 14. Plaintiff alleges that he is owed $1,898.05 in unpaid overtime compensation, plus liquidated damages, costs and attorney's fees. Doc. No. 1 at 3, ¶ 15. Plaintiff also alleges that Defendant is an enterprise engaged in commerce. Doc. No. 1 at 2, ¶ 9.

On November 2, 2011, Plaintiff filed an affidavit of service indicating that Defendant was served with process by and through its operation manager on October 13, 2011. Doc. No. 10. On November 29, 2011, a clerk's default was entered against Defendant. Doc. No. 16. On February 6, 2012, Plaintiff moved for an entry of default judgment against Defendant. Doc. No. 18. The motion was denied because Plaintiff failed to provide supporting affidavits. Doc. No. 21. On March 7, 2012, Plaintiff filed a renewed motion for default judgment (hereafter "Second Motion for Default Judgment"). Doc. No. 23. On April 24, 2012, Plaintiff filed another renewed motion for default judgment (hereafter "Third Motion for Default Judgment"), that appears to be identical to the Second Motion for Default Judgment. Doc. No. 25.

In the Third Motion for Default Judgment, Plaintiff seeks damages in the amount of $1,898.05, an equal amount in liquidated damages, $591.02 in costs and $7,920.00 in attorney's fees.

Doc. No. 25 at 3-5.  Plaintiff represents that his counsel spent 26.4 hours on Plaintiff's behalf at an hourly rate of $300.00 per hour.  Doc. No. 25 at 4.  To support his claim of damages, Plaintiff attaches an affidavit and his sign-in sheets showing the time he worked while employed by Defendant.  Doc. No. 25-1.  To support his claim of costs and attorney's fees, Plaintiff attaches an affidavit from his counsel, James R. Spears, Esq., counsel's time log and documentation supporting the costs incurred.  Doc. No. 25-2.

## II.    LAW

In *Schmidlin v. Apex Mortgage Services, LLC*, No. 8:07-cv-2149-T-30MSS, 2008 WL 976158 at *1 (M.D. Fla. April 9, 2008), the court held:

> By failing to answer the complaint, Defendant admits that it employed Plaintiff during the relevant time period.  *See Cotton v. Mass. Mut. Life Ins. Co.*, 402 F. 3d 1267, 1278 (11th Cir. 2005) (stating "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact.").  Defendant also admits that it was an employer and was required to comply with the FLSA.  *See Id.*  Additionally, Defendant admits that it failed to pay overtime compensation as required by the FLSA and that its conduct was willful.  *See Id.*  Accordingly, by failing to respond to the complaint, Defendant is liable to Plaintiff for the overtime compensation owed to Plaintiff for his work.

*Id*.  A plaintiff may establish the necessary amount of damages by affidavit.  *See* Rule 55(b), F.R.C.P. (2007).  Additionally, an employer who willfully violates the provisions of the FLSA is liable for an equal amount of liquidated damages as well as reasonable attorneys' fees and costs.  29 U.S.C. § 216(b) (2007).

## III.    APPLICATION

### A.    Unpaid Overtime

By virtue of the clerk's default, Defendant admits it employed Plaintiff from April 30, 2008 to August 20, 2009.  Doc. No. 1 at 3, ¶ 12.  Defendant admits it failed to compensate Plaintiff for 44 hours of overtime work that should have been paid at an hourly rate of $18.75.  Doc. No. 1 at 3, ¶ 13.  Defendant admits it failed to compensate Plaintiffs for 60.25 hours of overtime work that should have been paid at an hourly rate of $17.81.  Doc. No. 1 at 3, ¶ 13.  In his affidavit, Plaintiff avers that he was employed by Defendant from April 30, 2008 to August 20, 2009.  Doc. No. 25-1 at 2, ¶ 3.  Plaintiff avers that his regular hourly rate from April 30, 2008 through February 6, 2009, was $12.50, for an hourly overtime rate of $18.75, and, thereafter, his regularly hourly rate was $11.87, for an hourly overtime rate of $17.81.  Doc. No. 25-1 at 2-3, ¶¶ 3-4.  Plaintiff avers that he was not paid for 44 hours of overtime at the overtime rate of $18.75 and was not paid for 60.25 hours of overtime at the overtime rate of $17.81, for a total of $1,898.05.  Doc. No. 25-1 at 3, ¶ 4.  Plaintiff attaches his time sheets to the Third Motion for Default Judgment to further support his claim.  Doc. No. 25-2.

Based on the allegations admitted by Defendant and Plaintiff's affidavit, Plaintiff's damages for unpaid overtime are $1,898.05.[1]  Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to liquidated damages in an equal amount.  Thus, Plaintiff's total damages are $3,796.10.

### B.    Attorney's Fees and Costs

29 U.S.C. § 216(b) provides that a court, in any judgment awarded to a plaintiff, shall "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  In the

Third Motion for Default Judgment, Plaintiff seeks to recover $7,920.00 in attorney's fees. Doc. No. 25 at 4, ¶ 15. Plaintiff also seeks to recover $591.02 in costs. Doc. No. 25 at 4, ¶ 15. Plaintiff attaches to the Third Motion for Default Judgment his counsel's affidavit setting for the amounts in costs and fees Plaintiff has incurred, as well as supporting documentation regarding same. Doc. No. 25-2.

In *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983), the Supreme Court stated that "the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." This amount, commonly referred to as the lodestar, is then adjusted to reflect the "results obtained." *Id*. at 434. In determining the lodestar, a reasonable hourly rate is based on the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *Gains v. Dougherty Co. Bd. of Educ.*, 775 F.2d 1565, 1571 (11th Cir. 1985).

"The [fee] applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates." *Norman v. Housing Auth. of City of Montgomery*, 836 F. 2d 1292, 1299 (11th Cir. 1988). Counsel's affidavit alone is generally not a sufficient basis for determining whether the fees and costs incurred are reasonable.

> Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . **[S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits.** Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate.

*Id.* at 1299 (emphasis added). However, the Court may use its own discretion and expertise to determine the appropriate hourly rate to apply for an attorney's fee award. *See Loranger v. Stierheim*,

---

[1]  $18.75 x 44 = $825.00; $17.81 x 60.25 = $1,073.05; $825.00 + $1,073.05 = $1,898.05.

10 F.3d 776, 781 (11th Cir. 1994)**;** *Norman*, 836 F. 2d at 1303; *see also Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1331 (M.D. Fla. 2002); *Schmidlin*, 2008 WL 976158 at *3.

Plaintiff's counsel filed a detailed time sheet showing the total amount of time, 26.4 hours, he worked on the case. Doc. No. 25-2 at 9-10. In his affidavit, Plaintiff's counsel avers that he has been practicing since 2001, is an AV rated attorney, is board certified in Worker's Compensation and routinely charges $300.00 per hour. Doc. No. 25-2 at 2, ¶ 3. It is **RECOMMENDED** that the Court find the hourly rate charged by Plaintiff's counsel is reasonable. After reviewing the time sheet, it is also **RECOMMENDED** that the Court find the time expended by Plaintiff's counsel is reasonable.

In an FLSA action, the allowable costs are those set forth in 28 U.S.C. § 1920. *See Helms v. Cent. Fla. Reg'l Hosp.*, 2006 WL 3858491 at *3 (M.D. Fla. Dec. 26, 2006). "It is error for a district court to award costs in excess of those permitted by § 1920." *Id.* The following items are permissible taxable costs:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In the documents attached, Plaintiff seeks to recover postage in the sum of $12.27, copy costs in the sum of $38.75, the filing fee in the sum of $350.00 and process server fees in the sum of $190.00.  Doc. No. 25-2 at 5-6.  Plaintiff's request for postage is not recoverable because it is not permitted by Section 1920.  *See Moore v. Appliance Direct, Inc.*, No. 6:08-cv-317-Orl-19DAB, 2009 WL 909271 at *3 (M.D. Fla. Apr. 1, 2009) (disallowing postage, delivery and travel expenses as taxable costs in an FLSA case).  The costs Plaintiff seeks for paying the filing fee ($350.00), process server fees ($190.00) and making copies ($38.75) are recoverable.  These costs total $578.75.

## IV.    CONCLUSION

For the above-stated reasons, it is **RECOMMENDED** that:

1.    The Second Motion For Default Judgment be **DENIED as Moot**;

2.    The Third Motion for Default Judgment be **GRANTED** only to the extent that a Judgment be entered in favor of Plaintiff and against Defendant in the total amount of $12,294.85; and[2]

3.    The Motion be otherwise **DENIED**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**The Clerk is also directed to send a copy of this report and recommendation to Defendant by Certified Mail.**

---

[2]    The total judgment represents the following amounts:  $1,898.05 for unpaid overtime wages, $1,898.05 in liquidated damages, $578.75 in costs and $7,920.00 in attorney's fees.

**DONE and RECOMMENDED** in Orlando, Florida on April 24, 2012.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Court Judge
Counsel of Record
**Unrepresented Party by Certified Mail**